FILED
SUPERIOR COURT
OF GUAM

2023 AUG 17 PM 2:49

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | ) **Criminal Case No. CF0140-21** |
| | ) GPD Report Nos.: 21-06326 / 21-06327 |
| Plaintiff, | ) |
| | ) |
| v. | ) **DECISION AND ORDER** |
| | ) **GRANTING REVOCATION OF** |
| | ) **PROBATION** |
| MACK ILLAB DEMEI | ) |
| (*aka* MACKY ILAB DEMEI) | ) |
| (*aka* MACKEY MACHY), | ) |
| DOB: 09/21/1985 | ) |
| | ) |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on June 9, 2023 for a Revocation Hearing in the above-captioned matter related to Mack Illab Demei's (*aka* "Macky Ilab Demei's") (*aka* "Mackey Machy's") (*aka* "Defendant's") failure to abide by his probationary terms. Defendant was represented by Assistant Public Defender Jocelyn Roden. The People of Guam were represented by Assistant Attorney General Heather Zona. Having duly considered the Parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order Granting Revocation of Probation.

## BACKGROUND

In October, 2021, Defendant pled guilty to Family Violence (as a 3rd Degree Felony). See Judgment of Conviction (Oct. 11, 2021). A judgment was entered imposing the following relevant conditions of probation:

- **MANDATORY REPORTING:** Defendant shall report to the Adult Probation Office once a month in person, or as ordered by the Court or the Probation Office.

- **COUNSELING/TREATMENT:** Defendant shall report to Client Services and Family Counseling (CSFC) with the Superior Court of Guam for intake and assessment. Defendant shall follow all treatment recommendations including psychological evaluation, psychiatric evaluation, drug and alcohol evaluation, and individual, group, and family counseling.

- **FINE:** Defendant shall pay a fine of two thousand dollars ($2,000.00) plus court costs of eighty dollars ($80.00). All or part of the fine imposed may be converted to community service at the current prevailing minimum wage.

- **COMMUNITY SERVICE:** Defendant shall complete one hundred fifty (150) hours of community service under the direction of the Adult Probation Office. All or part of the community service imposed may be converted into a fine at the current prevailing minimum wage.

- **COURT ORDERS:** Defendant shall comply with any court orders entered against Defendant, including orders of family court or any other local or federal court of competent jurisdiction.

Id.

In February, 2022, a violation report was filed indicating that Defendant hadn't reported to the Adult Probation Office for several months, never reported to CSFC for his initial intake and assessment, hadn't made any payment on his fine or court costs, and hadn't completed any of his required community service hours. See First Violation Report (Feb. 23, 2022).

Defendant responded by skipping several court hearings, despite being summonsed to appear. See Minute Entry (Jan. 5, 2022); Minute Entry (Apr. 27, 2022). An arrest warrant was

issued, and Defendant spent the next year on the run before ultimately being arrested in May, 2023. See Bench Warrant (Apr. 28, 2022); Return of Warrant (May 1, 2023).

On May 5, 2023, the People filed their Motion to Revoke Defendant's Probation and Impose Jail Sentence ("Motion"). The People base their request on Defendant's failures complete several of his probationary conditions. See Motion (May 5, 2023). Opposing the Motion, Defendant claims he can still comply with his probation conditions if given another chance. See Opposition to Motion (May 8, 2023).

The Court held a Revocation Hearing on June 9, 2023. During the hearing, the Court took the matter under advisement. See Minute Entry (Jun. 9, 2023).

## DISCUSSION

Guam law specifies the procedures that the Court must follow for revocation of probation. The relevant statute, in its entirety, states as follows:

> [T]he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public.

See 9 G.C.A. § 80.66(a)(2) (1980).

The process for revoking an offender's probation has been further explained by the Guam Supreme Court as follows:

> Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of probation actually has occurred. If a violation is proven, then the Court must determine if the violation warrants revocation of the probation.

See *People of Guam v. Camacho*, 2009 Guam 6 ¶ 27 (internal citations omitted). To revoke a defendant's probation, evidence and facts presented to the Court must be "reasonably necessary

to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." Id. at ¶ 30 (*citing People v. Angoco*, 1998 Guam 10).

The Court also cannot order revocation unless the offender is provided with written notice of grounds for revocation of probation. See 9 G.C.A. § 80.68(a) (1980). At the hearing, the offender shall "have the right to hear and controvert the evidence against him, to offer evidence in his defense and to be represented by counsel." Id. Should the Court revoke an offender's probation, "it may impose on the offender any sentence that might have been imposed originally for the crime of which he was convicted." See 9 G.C.A. § 80.66(b).

It remains undisputed that Defendant was in violation of his probation conditions and that there was probable cause to support the violations. The Defendant has continually violated his probation by failing to report to the Probation Office, failing to make any progress in paying off his fines or completing his community service, failing to attend his required treatment programs, and failing to comply with court orders.

Having found that Defendant was in violation of his probation requirements, the next question the Court must resolve is whether "revocation under all the circumstances . . . will best satisfy the ends of justice and the best interests of the public." See 9 G.C.A. § 80.66(a)(2).

Based on a review of the record, it is clear that Defendant has exhausted the trust of the Court by continuously violating numerous conditions of his probation. Defendant has shown a continuous disregard towards following his probationary terms, evidenced by his failures to make any progress on several of his probationary terms. Defendant has made no progress in paying off his fine, working off his community service, or even attending CSFC for an initial intake/assessment. Rather than complete these conditions, Defendant chose to evade court hearings and hide from police.

Were probation continued, it appears unlikely that any significant progress would be made in positively altering Defendant's behavior and ensuring compliance with the Court's orders. Therefore, the court finds that revocation is in the public's best interest and satisfies the ends of justice. See 9 GCA 80.66(a)(2).

## CONCLUSION

For the reasons stated above, the Court hereby **REVOKES** the Defendant's probation in the above-captioned matter. The Defendant is hereby **SENTENCED** to **three (3) years incarceration** at the Department of Corrections, Mangilao with credit for time served. After the completion of the Defendant's sentence the Court shall close the above-captioned case.

**IT IS SO ORDERED** on this _August 17, 2023_



**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**